IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **GALAXIE LUMBER & CONSTRUCTION, CO., LTD.,** | Case No. 12 B 28916 |
| | Hon. Jacqueline P. Cox |
| Debtor. | |

## NOTICE OF MOTION

**To:**   See attached Service List.

     **PLEASE TAKE NOTICE** that on **Wednesday, November 28, 2012 at 9:30 a.m.** we will appear before the Honorable Jacqueline P. Cox or such other Judge as may be presiding in that Judge's stead, in Courtroom 680, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and present this, our **Chapter 7 Trustee's Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for (I) an Order (A) Approving Bidding Procedures and Bid Protections for the Sale of Substantially all of the Debtor's Assets; and (B) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereof; (II) an Order Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Waive 14 Day Stay of Sale**, a copy of which is attached hereto and served upon you herewith.

| | |
|---|---|
| **Dated:  November 21, 2012.** | **DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GALAXIE LUMBER & CONSTRUCTION CO., LTD.** |
| | By: _/s/ Jonathan T. Brand_____ |
| | Counsel for Chapter 7 Trustee |

Jonathan T. Brand (ARDC #6294885)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

1

## CERTIFICATE OF SERVICE

On November 21, 2012, the undersigned certifies that on this date, she caused a copy of the above document to be served upon each person shown on the within Notice, by United States Mail, with postage prepaid, at Waukegan, Illinois.  Those marked with an * were served via CM/ECF, the Court's electronic notification system.

                                           _/s/ Laura Deger_
                                           Paralegal

## SERVICE LIST

| | |
|---|---|
| Patrick S. Layng, U.S. Trustee*<br>Office of the U.S. Trustee, Region 11<br>219 S. Dearborn St., Room 873<br>Chicago, IL 60604 | Galaxie Lumber & Construction Co. Ltd.<br>4761 W Touhy Avenue<br>Lincolnwood, IL 60712 |
| Joseph A Baldi*<br>Baldi Berg & Wallace, Ltd.<br>19 S Lasalle Street Suite 1500<br>Chicago, IL 60603 | Allied Building Products Corporation<br>Johnny White, Esq.*<br>Blakeley / Blakeley, LLP<br>2 Park Plaza, Suite 400<br>Irvine, California 92614 |
| Neil P Gantz*<br>Neil Gantz Law Offices<br>105 W Madison St<br>Chicago, IL 60602 | North Shore Community Bank & Trust Company<br>Wilmette (Main Branch)<br>William Lynch – President/Chief Executive Officer<br>1145 Wilmette Avenue<br>Wilmette, IL 60091 |
| Dimonte & Lizak, LLC*<br>Abraham Brustein<br>216 W. Higgins Road<br>Park Ridge, IL 60068 | Linda Terrell-Townsend<br>Legal Coordinator for North Shore Community Bank<br>720 12th Street<br>Wilmette, IL 60091 |

| | |
|---|---|
| Benjamin E. Starks*<br>Starks and Boyd, P.C.<br>11528 S. Halsted<br>Chicago, IL 60628 | James L Hardemon<br>Legal Remedies, Chartered<br>8527 S Stony Island<br>Chicago, IL 60617 |
| RICOH Americas Corporation Recovery & Bankruptcy Group<br>3920 Arkwright Road, Suite 400<br>Macon, GA 31210 | American Express Travel Related Services Co., Inc<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19335-0701 |
| Illinois Department of Revenue<br>100 W Randolph St, Level 7-495<br>Chicago, IL 60601 | Illinois Dept of Employment Security<br>33 S State St<br>Chicago, IL 60630 |
| Internal Revenue Service<br>230 S Dearborn St<br>Chicago, IL 60604 | |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **GALAXIE LUMBER & CONSTRUCTION, CO., LTD.,** | Case No. 12 B 28916 |
| | Hon. Jacqueline P. Cox |
| Debtor. | |

CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 FOR (I) AN ORDER (A) APPROVING BIDDING PROCEDURES AND BID PROTECTIONS FOR THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS; AND (B) SCHEDULING A FINAL SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; (II) AN ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (III) WAIVING 14 DAY STAY OF SALE

David P. Leibowitz ("**Trustee**"), not individually but as the chapter 7 trustee of the bankruptcy estate ("**Estate**") of Galaxie Lumber & Construction, Co., Ltd. ("**Galaxie**" or "**Debtor**"), pursuant to 11 U.S.C. §§ 105 and 363, and Rules 2002 and 6004 the Federal Rules of Bankruptcy Procedure, hereby respectfully requests that this Honorable Court enter: (1) an order (A) approving bidding procedures and bid protections for the sale of substantially all of the Debtor's assets; and (B) scheduling a final sale hearing and approving the form and manner of notice thereof; and (2) an order authorizing the sale of substantially all of the Debtor's assets free and clear of liens, claims, interests, and encumbrances and waiver of fourteen (14) day stay of such sale imposed by Federal Rule of Bankruptcy procedure 6004(h).[1] In support thereof, the Trustee states the following:

---

[1] All chapter, section and rule references, unless otherwise noted, are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("**Code**"), and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037 ("**Bankruptcy Rules**").

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N)and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3. By Internal Operating Procedure 15 of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination.

## FACTUAL AND PROCEDURAL BACKGROUND

4. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on July 21, 2012 ("**Petition Date**") (Docket No. 1). David P. Leibowitz serves as the permanent trustee for this Estate. 11 U.S.C. §§ 701, 702(d).

5. Prior to the Petition Date, Debtor was in the business of providing home remodeling and construction services to customers throughout the Chicagoland area through an extensive advertising and marketing campaign, wherein the Debtor was known as "The Official Remodeler" of many professional sport teams in Chicago.

**The Offer**

6. Trustee has been engaged in marketing the Debtor's assets and has identified a prospective purchaser, PD Development, LLC ("**Purchaser"**). The Debtor has negotiated an Asset Purchase Agreement ("**APA**") with Purchaser, a copy of which is attached as **Exhibit A**. The pertinent terms of the offer are as follows:[2]

---

[2] The terms set forth herein contain only a brief summary of all of the terms, conditions and agreements contained in the APA. Parties should review the APA in its entirety for the complete terms and agreements between Purchaser and Trustee. If there is any conflict between the terms of this Motion and the APA, the APA shall govern.

2

A. <u>Purchase Price</u>. Purchaser shall pay at the Closing One Hundred Twenty-Five Thousand Dollars ($120,000).

B. <u>Deposit</u>. Purchaser will make an initial deposit of Twenty Five Thousand Dollars ($25,000). The Deposit shall be held in escrow until Closing and shall be returned immediately to the Purchaser if it is not the successful purchaser or upon termination of the APA in accordance with its terms.

C. <u>Closing</u>. Closing shall take place upon the Sale Approval Order becoming a Final Order (which shall be required to occur no later than December 31, 2012) unless the Trustee and Purchaser agree to another date.

D, <u>Reimbursable Expense</u>. If the Closing does not occur under the APA, Purchaser shall be paid (i) $10,000.00 (consisting of a $5,000 a break-up fee and an additional $5,000 payment for the time and cost of securing access to the Purchased Assets located on the Premises) at the closing from the proceeds of some or any sale of the Purchased Assets (except in the event of a credit bid, in which case the Trustee shall pay, directly to Purchaser, $10,000 from the assets of the Estate upon the closing). Such amount shall be paid without further order of Court.

E. <u>Warranties</u>. The Purchased Assets will be sold "AS IS" and "WHERE IS". The Trustee does not make any claims or promises about the condition or value of any Purchased Assets except as may be set forth in the APA.

F. <u>Sale Free and Clear of Liens, Claims, Encumbrances and Interests</u>. The Purchased Assets are being sold free and clear of all liens claims, causes of action, security interest, rights of refusal, pledges, judgments, mortgages, leases, hypothications, demands, rights of setoff, charges, defects, options, restrictions, encumbrances and other

3

interest if any kind whatsoever (the "Encumbrances") with any presently existing Encumbrances attaching the Purchase Price.

   G. <u>Excluded Liabilities.</u> Purchaser shall not assume, agree to pay, perform or discharge or otherwise have any responsibility for any liabilities or obligations of Trustee or the Debtor, fixed or contingent, and whether arising or to be performed prior to, on or after the Closing.

   H. <u>Bankruptcy Court Approval</u>. The offer is subject to approval of the Bankruptcy Court and subject to higher and better offers.

  7. The Trustee now seeks authorization to conduct an auction-sale according to the "Prospective Sales Procedures" set forth below.  Trustee has received a number of inquiries from interested parties and/or competitors of the Debtor.

  8. Allied Building Products Corporation ("**Allied**") asserts a security interest in all of the Debtor's assets.  The Trustee has taken issue with Allied alleged security interest, and reached a settlement with Allied ("**Settlement**").  The Settlement is contemporaneously before the Court for its review pursuant to Federal Rule of Bankruptcy Procedure 9019.  Although Trustee is not seeking an order preventing Allied from credit bidding at a sale of the Debtor's Assets, it is believed that Allied will not submit a credit bid in connection with the sale of the Debtor's Assets.  Pursuant to the Settlement, Allied has consented to the sale of the Debtor's assets and, if the highest and best offer made is less the value of Allied's alleged lien, Allied will consent to a sale free and clear of its lien. *See* 11 U.S.C. § 363(f)(2).

## RELIEF REQUESTED

  9. By this Motion, the Trustee seeks entry of an order (i) approving certain bidding and auction procedures, (ii) setting a final hearing to approve the sale of the Purchased Assets, (iii) approving the sale of the Purchased Assets to the highest and best bidder free and clear of all

4

liens, claims and encumbrances; and (v) waiving any stay imposed by Fed. R. Bankr. P. 6004(h). The Purchased Assets, as more particularly defined in the APA, include substantially all of the Debtor's property including but not limited to the following assets of the Debtor:

> Other than the Excluded Assets (as defined in the APA), all of the Debtor's (i) furniture, fixtures, equipment, inventory and supplies, (ii) all of the Debtor's intangible assets and intellectual property, including without limitation, all trademarks, trade names, patents (current and expired), patent rights, service marks, service names, telephone numbers, brand names, domain names, websites, URLs, royalties, symbols, logos, slogans, designs, copyrights, technical know-how, sales techniques, methods, procedures, and all applications and renewal rights for, and all other rights associated with, all of the foregoing; all claims and rights, and benefits arising there from, with or against all persons or entities relating to the Purchased Assets, all of the Seller's right, title and interest in and to the names, "Galaxie Construction Company", "Galaxie Construction and Home Supply" and "Galaxie Home Remodeling" and any variants or usage thereof; the rights to use all telephone and fax numbers of the Debtor; and the goodwill associated with the Business; and any and all other proprietary information, intangible or intellectual property pertaining to the Purchased Assets and belonging to or registered in the name of the Debtor; and (iii) all of Debtor's books and records including, but not limited to, files and databases, customer lists and sales records, customer and distribution networks, supplier lists and purchase records, marketing materials, contractor lists and information, vendor lists and information, computer files and data bases, but excluding business organizational documents, employee files, corporate minute books, corporate seal, stock record books, financial records, income tax returns, checkbooks and cancelled checks.

**Bidding Procedures and Sale Hearing**

10.     Trustee seeks entry of an order pursuant to sections 105 and 363 of the Bankruptcy Code approving the following procedures for soliciting and accepting bids for the sale of the Purchased Assets and ("**Bidding Procedures**"):

- **Qualified Bid**.  A proposal ("**Bid**") received from a potential purchaser ("**Potential Purchaser**") is a "**Qualified Bid**" if it:

    (a)     is received by the Bid Deadline (as defined below);

  (b)  be on similar terms as this Agreement and be accompanied by a proposed purchase and sale agreement marked against this Agreement setting forth the complete terms and provisions pursuant to which the bidder agrees to be bound in order to consummate the sale without further contingency other than the entry of an order of the Bankruptcy Court approving the sale,

  (c)  be in cash and not subject to any contingencies, due diligence or financing conditions or board or other approval,

  (d)  be accompanied by a certified or bank check, payable to the Trustee, as escrowee, a good faith deposit of not less than twenty (20%) percent of the initial bid amount;

  (e)  includes written evidence of an unconditional commitment for financing (by a creditworthy bank of financial institution that shall provide such financing without alteration of conditions or delay) or other evidence of ability to consummate the transaction;

  (f)  fully discloses the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, and

  (g)  the proposed bid must be in an amount of at least $15,000.00 in excess of the Purchase Price and must provide for the direct payment of the Reimbursable Expenses (as defined below) to Buyer on the closing.

  (h)  The Buyer shall be deemed to be a Qualified Bidder and the APA shall be deemed to be a Qualified Bid.

- **Bid Deadline**. A Potential Bidder that desires to make a Bid must deliver written copies of its offer, to (i) counsel for the Debtor and (ii) counsel for Buyer so that the Bid is actually received by 1:00 p.m. prevailing Central Time on or before December 11, 2012. Such written copies of a Potential Bidder's Bid may be submitted electronically to counsel for Buyer and the Trustee.

- **Auction Procedure**. The Debtor shall conduct an auction on December 12, 2012 at 10:00 am. (prevailing Central Time) (the "**Auction Date**") at the law offices of Lakelaw, 53 W. Jackson Street, Suite 1610, Chicago Illinois 60604 (the "**Auction**"). Only Buyer and any Qualified Bidders who have timely submitted Qualified Bids shall be entitled to make any bids at the Auction. Except for any bid by Buyer, no Bids shall be considered by the Trustee from a Potential Purchaser unless such Potential Purchaser has submitted a Qualified Bid.

- **Opening Bid**. At the Auction, all Qualified Bidders who have submitted a Qualified Bid will have the opportunity to submit additional higher or better Qualified Bids. Any additional bids at the Auction shall be in an increment of at least $1,000 and shall otherwise comply with the requirements set forth herein.

- **Successful Bidder**. At the conclusion of the Auction, the Trustee shall identify the highest and best Bid (the "**Successful Bid**") and the Qualified Bidder making such Bid (the "**Successful Bidder**"). The Trustee shall promptly seek confirmation that such Qualified Bidder is the Successful Bidder and that such proposal is the Successful Bid at Sale Approval Hearing to be held before the Bankruptcy Court on or about December 13, 2012.

- **Return of Deposit**. All deposits, but excluding the Required Deposit of the Successful Bidder, shall be returned within 3 business days after the closing of the Sale to the Successful Bidder. If the Successful Bidder fails to close, for any reason other than the Trustee's default or those conditions specifically set forth in the APA, the Trustee shall be entitled to retain the Deposit as liquidated damages.

- **No representations or Warranties.** The Purchased Assets shall be purchased on an "as is, where is" basis, with no representations or warranties (express or implied) of any kind or nature whatsoever, other than those representations and warranties set forth in the APA.

- **Closing.** The closing shall take place at the offices of the Trustee's counsel at the address set forth below after the Sale Order (as defined below) becomes a Final Order (which shall be required to occur on or before December 31, 2012) unless otherwise agreed to by the Trustee and Buyer.

- **Sale Subject to Court Approval.** The sale contemplated herein shall be subject to the entry of an order by this Court (i) approving the sale and transfer of the Purchased Assets to the winning bidder or Successful Bidder approved by the Court, free and clear of any and all liens, claims, and encumbrances of any kind or nature whatsoever, with any and all valid liens, claims and encumbrances attaching to the sales proceeds at closing; (ii) containing a finding that the purchaser is a good faith purchaser pursuant to Section 363(m) (the "**Sale Order**"); and (iii) containing those items required pursuant to the terms of the APA.

- **Assumption of Liabilities**. The purchaser shall not be obligated to assume or be responsible for any of the Debtor's liabilities or obligations existing as of the closing.

**Approval of Sale**

By this Motion, the Trustee request that the Court set a hearing on December 13, 2012 at 9:30 (prevailing Central Time) at which time the Trustee will seek entry of an Order,

7

substantially in the form of the order attached hereto and made apart hereof as **Exhibit B**, which among other things, authorizing and approving the sale of the Purchased Assets to the Successful Bidder as determined by the Trustee in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Successful Bid.

**Notice of Sale**

The Trustee further seeks approval of **Exhibit C** attached hereto and made a part hereof as the form of notice of sale (the "**Sale Notice**"). The Trustee proposes to publish the Sale Notice and to serve same upon (a) the Office of the United States Trustee; (b) relevant taxing authorities, including the Internal Revenue Service; (c) all known creditors; (d) the official service list; (e) counsel for Allied, (f) in the Chicago Tribune; (g) the National Association of Bankruptcy Trustee's website; (h) at www.lakelaw.com/trustee; (i) all potential purchasers known by the Trustee; and (j) those parties asserting an interest in the Purchased Assets. This notice is appropriate under the circumstances described below.

## BASIS FOR RELIEF REQUESTED

**The Trustee Should be Authorized To Sell The Purchased Assets Pursuant to Section 363(b) of the Bankruptcy Code.**

11. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

12. Rule 6004 of the Federal Rules of Bankruptcy Procedure sets forth a variety of notice and other requirements for the use, sale, or lease of property of the estate. Trustee believes that the proposed sale of the Purchased Assets in all respects with Rule 6004. Trustee notes that the proposed sale is effectively a public auction as that term is used in FED. R. BANKR. P. 6004(f)(1), given that it is not a "private sale."

13.     In accordance with FED. R. BANKR. P. 6004(f)(1), upon completion of the sale and consummation of the sale transaction, Trustee will file a Notice of Sale.

14.     Based on the foregoing, the Trustee submits that the sale of the Estate's right, title and interest in the **Purchased Assets** on the terms and conditions set forth in this Motion is a prudent exercise of his business judgment under the circumstances of this case and is in the best interests of all creditors and other parties in interest.  Trustee, in the exercise of his business judgment, likewise believes that the proposed Bid Procedures are reasonable, appropriate and necessary to ensure the highest and best value is received for the Purchased Assets, and that the approval of the Bid Procedures will be in the best interests of all creditors and parties in interest.

### The Trustee Should Be Authorized To Sell The Purchased Assets Free And Clear Of Liens, Claims And Encumbrances Pursuant To Section 363(f) Of The Bankruptcy Code

15.     The Purchased Assets may be sold free and clear of all liens claims and encumbrances.  Section 363(f) of the Bankruptcy Code provides the following:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if --
>
> (i)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (ii)   such entity consents;
>
> (iii)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (iv)  such interest is in bona fide dispute; or
>
> (v)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

16. Therefore, pursuant to section 363(f), the Trustee may sell the Purchased Assets, including the Purchased Assets, free and clear of all liens, claims and encumbrances. As set forth above, Allied will consent to the sale. In addition, each lien, claim or encumbrance satisfies at least one of the five conditions of section 363(f), and the Trustee submits that any such lien, claim or encumbrance will be adequately protected by attachment to the net proceeds of the Sale, subject to any claims and defenses the Trustee may possess with respect thereto. Accordingly, the Trustee requests that the **Purchased Assets**, be transferred free and clear of all liens, claims and encumbrances with such liens, claims and encumbrances to attach to the proceeds of the Sale.

**The Purchaser Represents A Good Faith Purchaser Pursuant to Section 363(m) Of The Bankruptcy Code**

.

17. Section 363(m) of the Bankruptcy Code provides the following:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Court does not define "good faith," the Seventh Circuit in *In the Matter of Andy Frain Services, Inc.*, 798 F.2d 1113 (7th Cir. 1986) held that:

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

10

798 F.2d at 1125 (emphasis omitted)(quoting *In re Rock Industries Machinery Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978). The Trustee submits, and will present evidence at the Sale Hearing, that as set forth above, the Sale Agreement has been negotiated at arm's-length transaction, and that Buyer has at all times acted in good faith. The Trustee, therefore, request that the Court make a finding that Buyer has purchased the Purchased Assets in good faith within the meaning of section 363(m) of the Bankruptcy Code. Further, the Trustee submits that any asset purchase agreement reached as a result of the Sale Procedures will be an arm's-length, intensely negotiated transaction entitled to the protections of section 363(m) of the Bankruptcy Code and will present evidence of the same at the Sale Hearing.

**The Expense Reimbursement Fee Is Warranted**

18. The Trustee also seeks entry of an order granting to Buyer a break up fee in the amount of $5,000.00 and an additional $5,000.00 payment for the time and cost of securing access to the Purchased Assets located on the Premises (collectively, the "Expense Reimbursement"). The Trustee believes that providing the Expense Reimbursement to Buyer as an incentive for (i) acting as a stalking horse and establishing a bid standard or minimum for other bids; (ii) placing the Purchased Assets in a sale configuration made attractive to other bidders to the auction contemplated by the Bidding Procedures Order; and (iii) for serving, by its name and its expressed interest, as a catalyst for other bidders is reasonable, given the benefits to the Estate of having a definitive sale agreement and being in a position to consummate a sale of the Purchased Assets at a fair, fully negotiated price.

19. Bidding incentives encourage a potential buyer to invest the requisite time, money, and effort to negotiate with a debtor or trustee and perform the necessary due diligence attendant to the acquisition of a debtor's assets, despite the inherent risks and uncertainties in a

bankruptcy sale process. "Agreements to provide breakup fees or reimbursement of fees and expenses are meant to compensate the potential acquirer who serves as a catalyst or 'stalking horse' which attracts more favorable offers." *In re S.N.A. Nut Company*, 186 B.R. 98, 101 (Bankr. N.D. Ill. 1995), *citations omitted*; *see also In re 995 Fifth Ave. Associates, L.P.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1992).

20. In determining whether a proposed break-up fee should be approved, there must be compelling circumstances "which clearly indicate that payment of the fee would be in the best interests of the estate." *In re S.N.A. Nut Company*, 186 B.R. at 105. Accordingly, to be approved, bidding incentives must provide some benefit to the debtor's estate. *Calpine Corporation v. O'Brien Environmental Energy, Inc.* (In re O'Brien Environmental Energy, Inc.), 181 F.3d 527, 533 (3rd Cir. 1999).

21. Courts have identified at least two instances in which bidding incentives may provide benefit to the estate. First, benefit may be found if "assurance of a break-up fee promoted more competitive bidding, such as by inducing a bid that otherwise would not have been made and without which bidding would have been limited." *Id.* at 537. Second, where the availability of bidding incentives induces a bidder to research the value of the debtor and submit a bid that serves as a minimum or floor bid on which other bidders can rely, "the bidder may have provided a benefit to the estate by increasing the likelihood that the price at which the debtor is sold will reflect its true worth." *Id.*

22. The Trustee believe that the proposed Expense Reimbursement satisfies this standard. The APA and the Expense Reimbursement are the product of extended good faith, arm's-length negotiations between the Trustee and Buyer. It is fair and reasonable in amount, Further, it is a condition of the APA that the Expense Reimbursement be approved by the

12

Bankruptcy Court as part of the Bidding Procedures Order. In addition, the APA provides that the Bidding Procedures Order shall provide that the Expense Reimbursement shall constitute an allowed administrative expense claim in the Bankruptcy Case with priority over any and all administrative expenses of a kind specified in section 503, 507 and 1114 of the Bankruptcy Code.

23. In sum, the Trustee's ability to offer the Expense Reimbursement him to proceed with the Sale at a price which it believes to be fair.

## WAIVER OF STAY

24. Because a delay in approving the sale of the purchased Assets to the prevailing bidder only decreases the value of the assets and increases the Trustee's administrative claims, the Trustee respectfully requests the Court waive the 14 day stay and that the order approving the sale of the purchased Assets be effective immediately.

## NOTICE

25. The Trustee seeks to shorten the twenty-one (21) day time period pursuant to FED. R. BANKR. P. 2002(a)(2). The Trustee has been attempting to sell the Debtor's asset since the early stages of this case and given those efforts, along with the Buyer request to close as soon as possible given that the assets are depreciating in value and believes such a request is reasonable.

26. Notice of this motion was provided to: (a) the Debtor; (b) the Debtor's counsel; (c) the Office of the United States Trustee; (d) parties who have expressed to the Trustee an interest in the Debtor's assets; (e) all relevant taxing authorities; and (f) Allied's counsel. With over 600 creditors in the Debtor's estate, Trustee requests that the Court find the notice to be sufficient under the circumstances. The Trustee will serve the Notice of Sale post entry of an Order approving this Motion on all creditors.

**WHEREFORE**, David P. Leibowitz, not individually, but solely as the chapter 7 trustee of the bankruptcy estate of Galaxie Lumber & Construction Co., Ltd., respectfully requests that this Honorable Court enter an order (i) approving bid procedures; (ii) scheduling (A) bid deadline, (B) auction sale and (C) hearing to approve sale; (iii) authorizing the Trustee to sell assets free and clear of all liens claims and encumbrances pursuant to sections 363(b) and (f) of the Bankruptcy Code; (iv) authorizing the trustee to assume and assign executory contracts and leases; (v) approve the Reimbursable Expense; (vi) shortening notice; (vii) waving the 14 day stay under Federal Rule of Bankruptcy Procedure 6004(h); and (vii) grant such other and further relief as equitable and just.

| | |
|---|---|
| **Dated:  November 21, 2012.** | **DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE FOR THE ESTATE OF GALAXIE LUMBER & CONSTRUCTION CO., LTD.** |
| | By:  _/s/ Jonathan T. Brand_____ |
| | Counsel for Chapter 7 Trustee |

Jonathan T. Brand (ARDC #6294885)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

14