# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 12-28916 |
| GALAXIE LUMBER & CONSTRUCTION, | ) | |
| CO., LTD., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | **Hearing Date: December 13, 2012** |
| | ) | **Hearing Time: 10:00 AM** |

## NOTICE OF FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AND <u>MOTION TO SHORTEN AND LIMIT NOTICE</u>

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Thursday, December 13, 2012 at 10:00 AM, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox or any judge sitting in her stead, in Courtroom 680, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Application of Fox, Swibel, Levin & Carroll, LLP for Allowance and Payment of Administrative Claim For Compensation and Reimbursement of Expenses and Motion to Shorten and Limit Notice**, at which time and place you may appear as you see fit.

Dated: December 7, 2012            FOX, SWIBEL, LEVIN & CARROLL, LLP

                                   By:    */s/ N. Neville Reid*
                                      N. Neville Reid
                                      Special Litigation Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## CERTIFICATE OF SERVICE

I, N. Neville Reid, certify that on December 7, 2012, I caused the **First and Final Application of Fox, Swibel, Levin & Carroll, LLP for Allowance and Payment of Administrative Claim For Compensation and Reimbursement of Expenses and Motion to Shorten and Limit Notice**, to be filed electronically and for notice to be served electronically upon all parties set up to receive notice through the Court's ECF filing system, and to be served via postage-prepaid first-class U.S. Mail, as indicated on the Service List attached hereto.

        */s/ N. Neville Reid*
        N. Neville Reid

## **SERVICE LIST**

**Parties to receive notice through Court's ECF filing system:**

Joseph A Baldi on behalf of Debtor Galaxie Lumber & Construction Co. Ltd.
jabaldi@baldiberg.com, jabaldi@ameritech.net;jmanola@baldiberg.com

Jonathan T Brand on behalf of Trustee David Leibowitz
jbrand@lakelaw.com, ECF@lakelaw.com

Abraham Brustein on behalf of Creditor DiMonte & Lizak, LLC
abrustein@dimonteandlizak.com, phogan@dimontelaw.com

Neil P Gantz on behalf of Creditor Silver-Touhy, LLC
neilgantz@yahoo.com, negrita0615@yahoo.com

James L Hardemon on behalf of Petitioning Creditor Galomex, Inc.
bknotices@legalremedieschicago.com, jhardemon@legalremedieschicago.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

David P Leibowitz
dleibowitz@lakelaw.com, il64@ecfcbis.com, ECF@lakelaw.com, dl@trustesolutions.com, dl@trustesolutions.net

David P Leibowitz on behalf of Trustee David Leibowitz
dleibowitz@lakelaw.com, czuniga@lakelaw.com;jstorer@lakelaw.com;ECF@lakelaw.com

Julia D Loper on behalf of Debtor Galaxie Lumber & Construction Co. Ltd.
jloper@baldiberg.com

James M Philbrick on behalf of Creditor Ally Financial Inc F/K/A GMAC Inc
jmphilbrick@att.net

N. Neville Reid on behalf of Trustee David Leibowitz
nreid@fslc.com, bkdocket@fslc.com;kgoin@fslc.com

Benjamin E Starks on behalf of Creditor Samuel Pollock, Sr.
starksboyd@sbcglobal.net

Vincent D Waller on behalf of Creditor Athanasios Diniotis
vince@wallertaxlaw.com, vincent.waller@gmail.com

**Parties to receive notice via postage prepaid first-class U.S. Mail:**

Allied Building Products Corporation
c/o Johnny White, Esq.
Blakeley / Blakeley, LLP
2 Park Plaza, Suite 400
Irvine, California 92614

American Express Travel Related Services Co., Inc
c/o Becket and Lee LLP
P.O. Box 3001
Malvern, PA 19335-0701

Athanasios Diniotis and Debbie Diniotis
c/o Russell C Green
200 S Michigan, Suite 1240
Chicago, IL 60604

Galaxie Lumber & Construction Co. Ltd.
4761 W Touhy Avenue
Lincolnwood, IL 60712

Illinois Department of Employment Security
33 S State St
Chicago, IL 60630

Illinois Department of Revenue
100 W Randolph St, Level 7-495
Chicago, IL 60601

Internal Revenue Service
230 S Dearborn St
Chicago, IL 60604

Linda Terrell-Townsend
Legal Coordinator for North Shore Community Bank
720 12th Street
Wilmette, IL 60091

North Shore Community Bank & Trust Company – Wilmette (Main Branch)
William Lynch – President/Chief Executive Officer
1145 Wilmette Avenue
Wilmette, IL 60091

RICOH Americas Corporation Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

2

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 12-28916 |
| GALAXIE LUMBER & CONSTRUCTION, | ) | |
| CO., LTD., | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtor. | ) | Hearing Date: December 13, 2012 |
| | ) | Hearing Time: 10:00 AM |

**FIRST AND FINAL APPLICATION OF FOX, SWIBEL, LEVIN & CARROLL, LLP
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES AND
<u>MOTION TO SHORTEN AND LIMIT NOTICE</u>**

Fox, Swibel, Levin & Carroll, LLP ("<u>FSLC</u>"), special litigation counsel to David P. Leibowitz, not individually, but solely in his capacity as chapter 7 trustee (the "<u>Trustee</u>") for the bankruptcy estate (the "<u>Estate</u>") of Galaxie Lumber & Construction Co., Ltd. (the "<u>Debtor</u>"), files this application ("<u>Application</u>") for allowance and payment of an administrative claim in the amount of twenty percent of the Realized Asset Value (defined below) in fees and $571.64 in expenses, for the period of August 8, 2012 through December 12, 2012 (the "<u>Application Period</u>").  The Trustee further moves to shorten and limit notice of the Application.  In support of this Application, FSLC states the following:

**INTRODUCTION**

1.  This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2016 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 5082-1 of the Local Rules of the

United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3. On July 21, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed David P. Leibowitz as Trustee for the Estate.

4. Allied Building Products, Inc. ("ABP") asserted a security interest in all of the Debtor's assets, and the Trustee has taken issue with this alleged security interest.

5. On August 16, 2012, the Trustee filed an Application to Employ FSLC as special litigation counsel (the "FSLC Employment Application"). [Dkt. 23.] The Trustee sought to employ FSLC on a contingency fee basis to investigate the validity, extent, and priority of ABP's alleged lien against the Debtor's assets and pursue any avoidance actions against ABP to the extent warranted by the law and facts of this case (the "Services").

6. On August 23, 2012, the Court entered a final order granting the Trustee's application to retain FSLC as special litigation counsel (the "FSLC Employment Order"). [Dkt. 29.]

7. The FSLC Employment Order stated that FSLC would be compensated on a "contingency fee basis, as set forth in the Application[.]" [Dkt. 29, ¶ 2.] The FSLC Employment Application stated that FSLC is to be paid on a contingency fee basis as follows (the "Compensation Formula"):

   A. Twenty percent (20%) of "Realized Asset Value" . . . obtained through settlement before discovery or trial;

   B. Thirty-three percent (33%) of Realized Asset Value obtained after commencement of formal discovery but before trial;

2

    C.    Thirty-five percent (35%) of Realized Asset Value obtained after success on appeal of an order granting summary judgment in your favor; and

    D.    Forty percent (40%) of Realized Asset Value obtained after trial, including after any post-trial appeals.

8.    In the FSLC Employment Application and this Application, the "Realized Asset Value" means "the cash, or cash value of other proceeds, received by the Trustee or the Debtor's estate upon the sale or other disposition of assets as to which ABP asserts a lien that is avoided or extinguished by settlement, withdrawal, stipulation, or order of the Court after [FSLC] commences work on the proposed engagement." [Dkt. 23, ¶ 16.]

9.    Additionally, the FSLC Employment Order provides that FSLC is to be "reimbursed for their actual, necessary and reasonable expenses or other disbursement incurred" in connection with FSLC's representation of the Trustee as special litigation counsel.

10.    During the Application Period, FSLC reached a settlement agreement (the "Settlement") with ABP. [*See* Dkt. 88-1.] Pursuant to the Settlement, ABP consents to the sale of the Debtor's assets and agrees to the following allocation of proceeds from such a sale: the first $10,000 of proceeds shall be allocated to the Estate; 70% of any proceeds in excess of $10,000 shall be allocated to ABP and the remaining 30% of such proceeds shall be allocated to the Estate.   This Court approved the Settlement on November 20, 2012. [Dkt. 89.]

11.    Shortly after his appointment as trustee herein, the Trustee received a bid from PD Development LLC (the "Potential Buyer") in the amount of $120,000 to purchase substantially all of the Estate's assets.

12.    On November 21, 2012 the Trustee filed a Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for (I) an Order (A) Approving Bidding Procedures and Bid Protections for the Sale of Substantially all of the

3

Debtor's Assets; and (B) Scheduling a Final Sale Hearing and Approving the Form and Manner of Notice Thereof; (II) an Order Authorizing the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Waive 14 Day Stay of Sale (the "Sale Motion").  [Dkt. 90.]

13. On November 28, 2012 the Court entered an Order (1) Establishing Bidding Procedures; (2) Scheduling (A) Bid Deadline, (B) Auction Sale, (C) Objection Deadline and (D) Hearing Approving Sale; (3) Approving Form, Manner, Scope and Substance of Notice; and (4) Granting Related Relief.  [Dkt. 91.]

14. The auction of the Debtor's assets shall take place on December 12, 2012 (the "Auction").  FSLC asserts that, considering the $120,000 bid by the Potential Buyer, the Realized Asset Value from the Auction will equal or exceed $43,000.  If there are bids in excess of $120,00, the Realized Asset Value will be greater than $43,000.  The Trustee will be able to report the actual Realized Asset Value to this Court on December 13, 2012 and adjust the order awarding the fees and expenses herein accordingly to conform to the Compensation Formula.

## REQUESTED RELIEF

15. FSLC files this Application to be allowed an administrative claim for its unpaid fees and expenses for work performed on behalf of the Trustee during the Application Period, in accordance with the Compensation Formula.

## PROFESSIONAL SERVICES RENDERED

16. During the Application Period, FSLC performed all of the Services for the Estate, as set forth in the time records appended hereto as Exhibit A.  Specifically, FSLC investigated ABP's alleged secured lien claim and negotiated the Settlement.

4

## SUMMARY AND APPROPRIATENESS OF FEES

17. Pursuant to the Compensation Formula, the total amount of fees sought by FSLC for professional services in this Application is twenty percent (20%) of the Realized Asset Value. If the Potential Buyer's bid of $120,000 is the highest bid received at auction, then FSLC's fees will be $8,600.

18. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Hence, the fees of FSLC are compensable pursuant to Section 330 of the Bankruptcy Code.

19. Compensation for the Services provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved.

## SUMMARY AND APPROPRIATENESS OF FSLC EXPENSES

20. FSLC charges clients for actual out-of-pockets expenses it incurs on their behalf such as travel, postage, outside copying costs, outside vendor costs, and court fees. FSLC typically does not charge for internal photocopying costs or phone charges, and no such expenses are sought in this application.

21. The expenses sought by FSLC in this Application were incurred using PACER for court documents and Westlaw for online legal research, and totaled $571.64, as set forth in Exhibit A, appended hereto.

22. FSLC's requested expenses are awardable pursuant to Section 330 of the Bankruptcy Code as actual, necessary expenses incurred for the administration of the Estate.

## NOTICE

23. Six days' notice of this motion was provided to: (a) the Debtor; (b) the Debtor's

5

counsel; (c) the Office of the United States Trustee; (d) parties who have expressed to the Trustee an interest in the Debtor's assets; (e) all relevant taxing authorities; and (f) ABP's counsel. Bankruptcy Rule 2002(a) requires 21-days notice for a motion seeking approval of a fee application. Pursuant to Bankruptcy Rule 9006(c), however, "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c). In this case, the Auction will be held on December 12, 2012 and the Court will hold the final hearing on the auction on December 13, 2012; since the Realized Asset Value that determines the pre-approved Compensation Formula will be known by December 13 there does not appear to be any good reason not to wrap up the compensation related to the sale on the same date as the sale hearing. Thus, the Trustee requests the Court consider this Application at that hearing. Additionally, the Estate has over 600 creditors, and providing notice of the Application to all of these creditors would be unduly expensive for the Estate. Therefore, Trustee requests that the Court find the notice to be sufficient under the circumstances.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

6

WHEREFORE, FSLC requests entry of an order (a) allowing it an administrative claim in the amount of twenty percent (20%) of the Realized Asset Value as determined by the Auction, for fees and expenses, in accordance with the Compensation Formula, (b) authorizing the Trustee to pay the same; (c) shortening and limiting notice of the Application; and (d) granting such other relief as this Court deems just and equitable.

Dated: December 7, 2012				Respectfully submitted,

							**FOX, SWIBEL, LEVIN & CARROLL, LLP**

							By:   */s/ N. Neville Reid*
							       N. Neville Reid
							       Special Litigation Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Elizabeth Peterson (ARDC #6294546)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201